FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 APR 15 PM 3:51
CLERK____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAISY BYRD MOBLEY,  )
        )
    Plaintiff,  )
        )
v.  )    CASE NO. CV415-226
        )
CLAIRE FERMONT LANGLAIS; MARC )
JACOBS INTERNATIONAL; and  )
COTY, INC.;  )
        )
    Defendants.  )
        )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation. (Doc. 36.) Both Plaintiff (Doc. 39; Doc. 41; Doc. 42) and Defendant (Doc. 40) have filed objections. For the following reasons, the Report and Recommendation is **ADOPTED** with a single modification: the Court **DECLINES TO ADOPT** footnote 2 on page 3. Accordingly, Defendants' Motion to Dismiss (Doc. 6) is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.[1] The Clerk of Court is **DIRECTED** to close this case.

Plaintiff filed suit on August 20, 2015 as a pro se plaintiff. (Doc. 1.) While her complaint and subsequent filings are extremely unclear, she appears to bring claims for misappropriation, violation of her right of privacy,

---

[1] Plaintiff's Motion to Amend (Doc. 27) and Motion to Move Above Claim Forward (Doc. 31) are likewise **DENIED**.

and fraud. Plaintiff alleges that Defendant Langlais fraudulently induced Plaintiff to reveal her first name—Daisy—and the name of her sister—Lola. (Doc. 39 at 4.) Plaintiff claims that Defendant Langlais used this information to create a series of perfumes made and marketed by Defendants Marc Jacobs International and Coty Inc. The Report and Recommendation (Doc. 36) recommends dismissing Plaintiff's action for failure to state a claim.

In her objections, Plaintiff again reiterates the myriad wrongs she allegedly suffered at the hands of Defendants. She claims that Defendants copied the colors of both Plaintiff's attire and her book "Southern Girl" (Doc. 39 at 5) and "stole family names" to manufacture the perfumes (id. at 7). Although Plaintiff reiterates in her objections that she is not bringing an infringement claim because she "owns no legitimate copyright papers for her book" (Doc. 39 at 10) her arguments clearly advance such a claim. Accordingly, the Court addresses her infringement claims here.

First, Plaintiff may not bring a claim for infringement of her book absent a registered copyright. See Donald Frederick Evans & Assocs., Inc. v. Cont'l Homes, Inc., 785 F.2d 897, 903 (11th Cir. 1986). Second, Plaintiff has made no showing of a trademark for the names "lola,"

"Daisy," Plaintiff's attire, or the artwork on the cover of her book. Even if Plaintiff did provide evidence of a trademark, she failed to show a possibility of confusion between her artwork and the perfumes as they are not similar in nature. See Light for Life, Inc. v. Our Firm Found. For Koreans, Inc., 2015 WL 631138, *5 (N.D. Ga. Feb. 12, 2015). Accordingly, Plaintiff may not bring claims for infringement. Plaintiff's claims of fraud, misappropriation, and right to privacy must also fail for the reasons discussed in the Report and Recommendation.

Defendants' objections, however, have merit. Defendants object solely to footnote 2 of the Report and Recommendation. They argue that they have not waived the affirmative defense of the statute of limitations because they were not required to raise the defense in their motion to dismiss. (Doc. 40 at 2.) Affirmative defenses must be raised in a responsive pleading. See Fed. R. Civ. P. 8(c), 12(b). However, motions to dismiss are not considered responsive pleadings for purposes of the federal rules. Chilivis v. S.E.C., 673 F.2d 1205, 1209 (11th Cir. 1982). Accordingly, Defendants were not required to raise the affirmative defense of the statute of limitations in their motion to dismiss and have not waived that defense. As a

result the Court declines to adopt footnote 2 on page 3 of the Report and Recommendation.

SO ORDERED this 15th day of April 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA